IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER BROWN, JR.,

      Plaintiff,

 v.

DANE COUNTY MADISON POLICE,
ELLEN BERZ, DIANA VAN RYEBROOK,
MARIO WHITE, PATRICK WATERS,
KENECHUKWU OKOCHA and Judge SARAH O'BRIEN,

      Defendants.

ORDER

10-cv-651-slc

---

WALTER BROWN, JR.,

      Plaintiff,

 v.

DANE COUNTY MADISON POLICE DEPARTMENT,
MARIO WHITE, ELLEN BERZ, PATRICK WATERS
and ANDREA RAYMOND, D.A. and Judge SARAH O'BRIEN,

      Defendants.

ORDER

10-cv-658-slc

---

WALTER BROWN, JR.,

      Plaintiff,

 v.

DANE COUNTY MADISON POLICE,
JUDGE PATRICK FIEDLER, JUDGE SARAH O'BRIEN,
DIANA VAN RYE BROOK, MARIO WHITE,
SARAH SCHMEISER, KENECHUKWU OKOCHA,
ELLEN BERZ, ISMAEL OZANNE, MICHAEL E. VERVEER,
ANTON JAMIESON, DANIEL M. FLOETER,
W. SCOTT MCANDREW, PATRICK WATERS
and MICHELLE VISTE,

      Defendants.

ORDER

10-cv-720-slc

---

  On November 22, 2010, I assessed plaintiff a $5.32 initial partial payment in each of the three civil cases he has filed and gave him until December 10, 2010, in which to submit his

payments. Now plaintiff has filed two letters that I construe as a request to waive the initial partial payments in each case. In his motion, plaintiff says that he does not currently have the funds to pay the partial filing fee and that he does not know when he will receive additional funds.

Under §1915(b)(4), an inmate may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of inmate who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Plaintiff's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In these cases, I was able to calculate plaintiff's initial partial payment based on information he provided from the Dane County Sheriff's Office transaction log report. This statement showed that for the period immediately preceding the filing of the complaint, plaintiff

received several deposits to his account. Plaintiff's statement also shows that any income he received went to pay medical co-pays and to purchase commissary items.

It may well be that plaintiff will be able to pay the initial partial payments he has been assessed from the next deposit to his account. Therefore, I am willing to allow him an extension of 30 days in which to pay the initial partial filing fees. If, however, by January 18, 2011, plaintiff is unable to pay the initial partial payments, I will consider that he has withdrawn these actions and he will not owe the filing fees. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that plaintiff owes a smaller payment based on a smaller income, he would be free to file new lawsuits. Plaintiff should show a copy of this order to jail officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

ORDER

IT IS ORDERED that

1. Plaintiff's motion to waive the initial partial filing fees is DENIED.

2. Plaintiff may have an enlargement of time to January 18, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $5.32 for case no. 10-cv-651-slc. If, by January 18, 2011, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

3. Plaintiff may have an enlargement of time to January 18, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $5.32 for case no. 10-cv-658-slc. If, by January 18, 2011, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.
.

4. Plaintiff may have an enlargement of time to January 18, 2011, in which to submit a check or money order made payable to the clerk of court in the amount

of $5.32 for case no. 10-cv-720-slc. If, by January 18, 2011, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 17th day of December, 2010.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge