IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BROWN, JR.,

                                                          ORDER
                  Plaintiff,
                                                          10-cv-720-slc[1]

        v.

DANE COUNTY MADISON POLICE,
JUDGE PATRICK FIEDLER,
JUDGE SARAH O'BRIEN, DIANA VAN RYE BROOK,
MARIO WHITE, SARAH SCHMEISER,
KENECHUKWU OKOCHA, ELLEN BERZ,
ISMAEL R. OZANNE, MICHAEL E. VERVEER,
ANTON S. JAMIESON, DANIEL M. FLOETER,
W. SCOTT McANDREW, PATRICK WATERS,
MICHELLE VISTE, PAUL SCHWARTZ
and MATTHEW D. MOESER,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BROWN, JR.,

                                                          ORDER
                  Plaintiff,
                                                          10-cv-651-slc

        v.

_____

        [1]  For the purpose of this order, I am assuming jurisdiction over cases 10-cv-720-slc,
10-cv-651-slc and 10-cv-658-slc.

1

DANE COUNTY MADISON POLICE,
JUDGE SARAH O'BRIEN, MARIO WHITE,
ELLEN BERZ, PATRICK WATERS and
KENECHUKWU OKOCHA,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BROWN, JR.,

                                                    ORDER
                    Plaintiff,
                                                    10-cv-658-slc
          v.

DANE COUNTY MADISON POLICE,
JUDGE SARAH O'BRIEN, MARIO WHITE,
ELLEN BERZ, PATRICK WATERS,
ANDREA RAYMOND, TODD E. MEURER,
JOHN W. MARKSON, ILIANA CASTILLO,
and STATE PUBLIC DEFENDER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Walter Brown, an inmate at the Dane County jail in Madison, Wisconsin, has filed three proposed civil actions challenging several issues related to three criminal cases that are proceeding in the Circuit Court for Dane County. In his proposed federal actions, plaintiff has named judges, his current and former defense counsel and attorneys from the Dane County District Attorney's office as defendants, among others. (Plaintiff has not specified who most of the named defendants are.) He seeks monetary relief for alleged

2

violations of his rights under the Fourth, Sixth, Eighth and Fourteenth Amendments arising from alleged illegal searches, illegal arrests, defective search and arrest warrants, false imprisonment, police misconduct, judicial bias, prosecutorial misconduct, conspiracy, ineffective assistance of counsel, discriminatory prosecution, excessive force and insufficient evidence.  He is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

I conclude that plaintiff may not proceed with any of his cases at this time because all three proposed cases challenge issues related directly to ongoing state criminal proceedings.  Under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), federal courts may not take action to interfere with ongoing state criminal prosecutions, except in limited circumstances.  I conclude that the rule in Younger precludes this court from considering plaintiff's claims.  Therefore, I will stay plaintiff's claims and close this case administratively.  Plaintiff may move to reopen the case upon completion of

the underlying criminal proceedings.

Before turning to the allegations in plaintiff's complaints, I must address a procedural matter. Plaintiff has filed an excessive number of proposed amendments and supplements to his claims in these cases. In case number 10-cv-720-slc, plaintiff filed his initial complaint on November 16, 2010. Between the time he filed his complaint and the time he submitted an initial partial payment nearly two months later, plaintiff filed seven amendments or supplements to his complaint, adding additional allegations, claims and defendants. In case number 10-cv-658-slc, plaintiff filed six amendments or supplements before submitting a payment; in case number 10-cv-651-slc, he filed three supplements.

In this court, when a plaintiff wishes to amend his complaint, he is required to file a completely new complaint that will replace the original complaint. As a general rule, it is inappropriate for a plaintiff to file an original complaint, and then add a communication later that makes one change, and another communication a week later making another change, and another a week later making yet another change. A complaint cannot be a moving target. At some point, it has to be finished so that the court may understand the plaintiff's claims and so defendants know precisely what it is that they are being charged with doing and what the plaintiff wants as relief. Here, because I conclude ultimately that plaintiff may not proceed on his claims at this time, I will not direct plaintiff to file an consolidated complaint in each case. However, plaintiff should be aware of this court's rule

4

if he decides to file new cases at some point in the future.

In his complaints, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

A.  Case number 10-cv-720-slc

On April 27, 2007, defendant Madison Police Department received an anonymous tip that plaintiff was selling drugs from his apartment and was hiding drugs in the basement of his apartment building.  Later that day, a police officer searched the common area of the basement of plaintiff's apartment building.  Plaintiff entered the basement while the officer was conducting the search and asked the officer whether he had a warrant or probable cause to be there.  The officer said that another tenant had given him permission to search the basement and asked plaintiff his name and apartment number.  Plaintiff refused to answer and told the officer that he did not have probable cause to search the basement.  The officer continued to search and found two bags containing marijuana in the rafters.  Plaintiff was arrested and charged with possession with intent to deliver marijuana.  Wisconsin v. Brown, 2007CF1828.

Plaintiff has fired at least five lawyers who were assigned to represent him in case number 2007CF1828 because he thought they were ineffective.  He filed a motion to suppress the evidence obtained by the police officer during the search of the basement,

5

arguing that the officer lacked a warrant and probable cause.  He also filed a motion contending that the charging documents were inaccurate or falsified and that the fingerprint and DNA evidence is invalid.  Defendant Judge Sarah O'Brien denied these motions, has denied plaintiff's requests for discovery and refuses to appoint him a new lawyer.  Plaintiff's standby counsel, defendant Paul Schwartz, has attempted to sabotage plaintiff's defense by providing bad advice.  The case is scheduled for a jury trial on January 31, 2011.


### B.  Case number 10-cv-651-slc

On January 13, 2010, plaintiff was arrested and charged with two counts of disorderly conduct, two counts of felony bail jumping and one count of unlawful use of a phone.  Wisconsin v. Brown, 2010CF056.  The police did not have a warrant to arrest plaintiff and they had no evidence to support the charges.  The other people who were involved in the domestic dispute with plaintiff were not arrested or charged.

The criminal case is scheduled for a jury trial on February 14, 2011 before defendant Judge O'Brien at the Circuit Court for Dane County.  Plaintiff was represented by a public defender initially, but plaintiff believed his counsel was doing a poor job, so plaintiff fired him and is representing himself with the help of standby counsel.

C.  Case number 10-cv-658-slc

On April 14, 2010, the mother of plaintiff's daughter accused him falsely of strangling and suffocating her.  The next day, the police came to plaintiff's residence.  He refused to leave his house or speak with them.  The police threw three canisters of tear gas into plaintiff's house, forcing him to leave.  The police arrested plaintiff and charged him with strangulation and suffocation, disorderly conduct, failure to comply with an officer and two counts of felony bail jumping.  Wisconsin v. Brown, 2010CF612.  The police did not have a warrant to enter plaintiff's home or to arrest him and they had no evidence that he strangled the alleged victim.

Case number 2010CF612 has been consolidated with case number 2010CF056 and is scheduled for a jury trial on February 14, 2011 before defendant Judge O'Brien.  Plaintiff is representing himself with the help of standby counsel because he believes that all of the attorneys who have been assigned to represent him have been ineffective.  Plaintiff has filed a motion to suppress evidence, as well as other motions, but Judge O'Brien has ruled against him consistently.

DISCUSSION

A.  Abstention

Although plaintiff's allegations and claims in these three proposed cases are somewhat

7

difficult to follow, it is clear that he is raising challenges that are related directly to criminal prosecutions that are being tried in state court.  He challenges the underlying search and arrest warrants, the evidence supporting the charges against him, the conduct of the police and prosecution, the effectiveness of his counsel and the fairness of the judge's rulings. This court may not get involved in ongoing state criminal proceedings. Under Younger v. Harris, 401 U.S. 37, 45 (1971), federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances.  Id.; see also  Nelson v. Murphy, 44 F.3d 497, 501 (7th Cir. 1995).  Specifically, abstention is required if (1) there is an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; (3) the parties have an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) no extraordinary circumstances render abstention inappropriate.  Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002).  The "extraordinary circumstances" exception to Younger is limited and applies only in those situations in which "the pending state proceeding was motivated by a desire to harass or is conducted in bad faith" or "the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 596-597 (7th Cir. 2007) (citation and quotation omitted); Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 664 (7th Cir.

8

2007).

In <u>Simpson v. Rowan</u>, 73 F .3d 134, 135 (7th Cir. 1995), the plaintiff filed a pro se complaint alleging that he was arrested falsely and searched without a warrant in violation of his Fourth Amendment rights. He sought compensatory and punitive damages arising out of the defendants' alleged violation. <u>Id.</u> While his civil case was pending in federal court, the plaintiff was convicted in state court and appealed to the state supreme court. <u>Id.</u> The court of appeals found that his federal damage action raised constitutional issues that were potentially subject to adjudication in his appeal to the state supreme court. <u>Id.</u> at 138. "For instance, were [the plaintiff] to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of [the plaintiff's] constitutional defenses to his criminal conviction." <u>Id.</u> The court explained that "[t]he policy against federal interference with pending state proceedings would thus be frustrated . . . <u>Younger</u> abstention is therefore appropriate while the case works its way through the state appellate process." <u>Id.</u>

As in <u>Simpson</u>, there is a potential for friction between the state and federal courts in this case regarding plaintiff's multiple constitutional claims because they arise directly from his arrests and the prosecution of the ongoing criminal cases. For example, in each of his three proposed cases, plaintiff raises false arrest and unlawful search claims. However, the alleged false arrests and unlawful searches led to the charges that are the bases for the

9

current state court criminal proceedings against him, and evidence obtained from the searches and arrests might be needed to convict plaintiff in state court.  E.g., Wallace v. City of Chicago, 440 F.3d 421, 425 (7th Cir. 2006) ("[I]t is often the case that the prosecution cannot proceed without the fruits of an unlawful arrest . . . or an unlawful search").  Thus, ruling on plaintiff's false arrest and unlawful search claims may have an effect on his criminal proceedings.  In other words, if plaintiff is convicted of the current charges against him and the conviction relies on evidence obtained from his arrest and search, then a decision on his federal claim might render his conviction invalid.

In addition, there is no basis for thinking that any of the extraordinary exceptions apply.  Therefore, abstention is required and these cases will be stayed.  Simpson, 73 F.3d at 139 (when Younger requires abstention but plaintiff is raising claims for monetary relief that cannot be redressed in state proceeding, district court should stay, rather than dismiss, federal case).  Because the cases are a long way from complete resolution in the state courts, they will be closed administratively, subject to re-opening by plaintiff if he believes that the state court proceedings have not addressed all of the claims he wishes to raise in this court.

B.  Additional Concerns

If plaintiff chooses to file a motion to reopen these cases, he should be aware that his complaints have several problems.  First, they violate the pleading requirements of Fed. R.

10

Civ. P. 8.  The standards enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), require a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; see also Hecker v. Deere & Co., 569 F.3d 708, 710-11 (7th Cir. 2009).  Plaintiff does not explain in his complaints who most of the named defendants are or how they were involved in the alleged constitutional violations at issue.  In addition, although plaintiff lists several theories of liability in his complaints and supplements, he does not explain how his allegations support his theories or which defendants are being sued under each theory.

In addition, several of his claims will likely be barred by the doctrine of issue preclusion.  Under this doctrine, claims that were or could have been raised in state criminal or post-conviction proceedings may not be raised in § 1983 claims in federal court.  Allen v. McCurry, 449 U.S. 90, 104-05 (1980) (claim and issue preclusion apply in § 1983 cases challenging matters decided in context of state criminal proceedings); Migra v. Warren City School District Board of Education, 465 U.S. 75, 87 (1983) (in case brought under § 1983 in federal court, party may not bring claim that could have been raised in previous state court proceeding).  For example, if plaintiff filed motions to suppress evidence obtained in the allegedly unconstitutional searches and seizures, and the state court concluded that the searches were lawful, plaintiff cannot bring a § 1983 challenge in federal court on the ground

11

that the search was unconstitutional.

Finally, plaintiff's claims against the state court judges involved in his criminal cases would not be viable even if they were not barred by the doctrine of abstention or issue preclusion. Any state or federal claims against the state court judges would be barred by the doctrine of judicial immunity. <u>Dawson v. Newman</u>, 419 F.3d 656, 660-61 (7th Cir. 2005); <u>Evans v. Luebke</u>, 2003 WI App 207, ¶ 13 n.5, 267 Wis. 2d 596, 671 N.W.2d 304. There are only two circumstances in which judicial immunity does not apply: where the alleged actions were taken outside the judge's judicial capacity, and where they were judicial in nature but taken in the absence of jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991). Plaintiff does not allege any facts suggesting that either of these circumstances exists in the present case.

### C. <u>Summary</u>

Plaintiff may move to reopen the case immediately upon resolution of his criminal cases, which would include any relevant state collateral review proceedings. In this circumstance, the parties will be entitled to all such rights as they had when the cases were administratively closed. However, plaintiff should be aware of the potential problems with his cases discussed above. In addition, he should know that if the criminal cases result in his conviction, reopening these cases may result in dismissal without prejudice if a judgment in

his favor in these cases would imply the invalidity of his conviction.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).


ORDER

IT IS ORDERED that

1.  Plaintiff's claims for money damages in case numbers 10-cv-720-slc, 10-cv-651-slc and 10-cv-658-slc are STAYED until the conclusion of plaintiff's pending state criminal proceedings, including any relevant state collateral review proceedings.

2.  The clerk of court is directed to close these cases administratively.  If after the conclusion of the pending state criminal proceedings plaintiff wishes to resume proceedings in any one or all of the cases, they will be reopened immediately upon motion, with the parties retaining all rights they would have had the case not been closed for administrative purposes.

Entered this 1st of February, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13